Julio Jiménez Guzmán, Plaintiff and Appellant, and Guiller-
mina Vega de Fletcher, Plaintiff, v. Madison J. Fletcher,
Defendant and Appellee.   Same v. Same.

Nos. 9351 and 9352.   Argued November 12, 1946.—Decided April 9, 1947.

154

*G. Rivera Cestero* and *R. Rivera Zayas* for plaintiffs and appellant-appellees. *Santiago de la Fuente* for defendant and appellee-appellant.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

Julio Jiménez and Guillermina Vega widow of Fletcher filed a complaint against Madison J. Fletcher in order to recover the possesion of a road which starts at a property owned by Jiménez, runs through another one belonging to Guillermina Vega and, after crossing defendant's property, joins the insular highway which leads from Cataño to Toa Baja. Plaintiffs alleged that they used this road, within the year preceding the filing of the complaint, in order to carry to their farms fertilizer and construction materials and to transport grass and other products, and that they continued using it until it was closed by defendant on October 5, 1945. The complaint was sustained as to Guillermina Vega, but it was dismissed with costs as to Julio Jiménez.

As to Guillermina Vega, the court found that she had been using the road which crosses defendant's estate within the year preceding the filing of the complaint and until it was closed by defendant. But as to Jiménez, it found that he was not in possession of the road within the year preceding the filing of the complaint. Consequently, the complaint was sustained as to Guillermina Vega and dismissed as to Jiménez.

Fletcher appealed from the portion of the judgment in favor of Guillermina Vega. Jiménez, from that portion which dismissed his complaint.

■ We shall first consider the appeal taken by Fletcher. He urges that the lower court erred in denying his motion to dismiss the complaint for insufficiency. He based this defense on the ground that the complaint did not describe the road with sufficient accuracy to enable the officer in charge of executing the judgment to identify the same.

It is stated in the complaint that the road is approximately 1,750 meters long and 12 meters wide; that it leads from the property of Jiménez through that of Guillermina Vega,

plaintiff herein, and finally crosses defendant's property to join the aforesaid insular highway. The three properties are described in the complaint. In our opinion, this description is sufficient to enable the marshal to reasonably identify the road.

■ Defendant complains of the ruling of the court denying the inspection requested by him. The allowance of this view rests on the sound discretion of the court and, unless substantial prejudice is shown, its decision shall not be disturbed by this Court. *People* v. *García,* 66 P.R.R. 478.

■ The remaining three errors are directed against the weighing of the evidence. It appears from the latter that within the year preceding the filing of the complaint plaintiff used the road in the manner already pointed out. Defendant himself admitted in his testimony that she used the road after the death of his father, although he confined his admission to the fact that she merely used it when she went to see him. But in any event, the court did not believe defendant's testimony insofar as he denied that plaintiff used the road in the manner stated in the complaint, and since its judgment is supported by plaintiff's evidence, we shall not disturb the decision of the court in settling the conflict in the evidence, for it has not been shown that it acted with passion, prejudice, or partiality or that it committed manifest error in deciding it as it did.

■ Let us now consider the appeal taken by plaintiff, Julio Jiménez. The first error assigned by appellant Jiménez is the failure of the court to order to strike out the answer and to sustain the complaint, on the ground that the verification of the answer is void. It is alleged that the verification is void because the denial of the averments of the complaint was not specific, that is, that defendant made a general denial, although separately, of the various averments of the complaint.[1]

---

[1] The paragraphs of the answer referred to in this assignment of error read as follows:

156

Under subdivision 2 of § 110 of the Code of Civil Procedure, if the complaint be verified, the denial of each allegation controverted must be specific; but such is not the law under the Rules of Civil Procedure. Rule 8(*b*) provides, insofar as pertinent, as follows:

" . . . When a pleader intends in good faith to deny only a part of an averment, he shall specify so much of it as is true and material and shall deny only the remainder. *Unless the pleader intends in good faith to controvert all the averments of the preceding pleading,* he may make his denials as specific denials of designated averments or paragraphs, or *he may generally deny all the averments* except such designated averments or paragraphs as he expressly admits; *but, when he intends in good faith to controvert all its averments, he may do so by general denial* subject to the obligations set forth in Rule 11." (Italics ours.)

Since the form of the answer is governed by the Rules of Civil Procedure, subdivision 2 of § 110 of the Code of Civil Procedure has been repealed. As to this particular Moore says:

"Denials in any action governed by these Rules [Rules of Civil Procedure] should be in accordance with the Rules, and any statute that prescribes a different form or method must be taken as superseded or modified to the extent that it is in conflict with the rules." 1 Moore's Federal Practice, p. 565.

■ Appellant also urges that the court committed manifest error in deciding that, according to the evidence, he was not in possession of the road within the year preceding the filing of the complaint. The evidence is conflicting. Plaintiff's witnesses testified that Jiménez used the road to carry fertilizer and construction materials to his property and grass and other farm products out of the property. Pedro Correa,

---

"1. That for lack of information and belief, he denies each and all of the allegations contained in the first paragraph of the complaint.

"2. That he denies each and all of the allegations contained in the second paragraph of the complaint.

"3. He denies each and all of the allegations contained in the third paragraph of the complaint."

defendant's superintendent, testified as his witness, that Jiménez passed by the road in a delivery truck until it was closed by the defendant. But the latter emphatically insisted that is was not true that Jiménez used the road with trucks or cars within the year preceding the filing of the complaint. He admitted that when Jiménez acted as attorney-in-fact of his father, he passed by his property in a truck and some times on horseback, but that he did this as attorney-in-fact of his father; that after the latter's death Jiménez never again used it. The lower court, insofar as Jiménez is concerned, believed Fletcher's testimony, and since it has not been shown that in doing so it committed manifest error or acted with passion, prejudice, or partiality, we shall not disturb its discretion in weighing the evidence.

In referring to Jiménez, the court said in its opinion:

". . . It is not shown that plaintiff Jiménez had a clear right to the material possession of the road in question a year prior to the filing of the complaint."

Appellant urges that this statement of the court shows that it mistook the law relative to an ordinary injunction for that of possessory injunction in which the fact of possession and not the legal title to possess is in issue, and that this mistake led the court to decide the case against him.

If read alone, this statement of the court seems to indicate that a complaint in a possessory injunction cannot prosper if the plaintiff lacks a clear right to the material possession. But from the context of the opinion it is inferred that when the court a quo stated that it was not shown that "plaintiff Jiménez had a clear right to the material possession" what it had in mind was that Jiménez did not have a clear right to the remedy of possessory injunction because its findings did not support his allegation that he had been in material possession of the road within the year preceding the filing of the complaint. Precisely, before making the above-quoted statement, the court said:

"The Court believes that if plaintiff Julio Jiménez occasionally passed by defendant's property, he did so as an employee or partner of Fletcher."

Furthermore, earlier paragraphs of the opinion show that the judge of the lower court had a clear understanding of the issue in the cases of possessory injunctions.

The appeals taken by defendant Madison J. Fletcher and by plaintiff Julio Jiménez, respectively, should be dismissed, and the judgment affirmed.